IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN QUEZADA,

      Plaintiff,

v.                                      11-CV-026 GBW/LAM

ALLSTATE INSURANCE COMPANY,
a/k/a ALLSTATE CORPORATION,

      Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, SEVER, BIFURCATE AND STAY CONTRACTUAL AND EXTRACONTRACTUAL CLAIMS

THIS MATTER is before the Court on Defendant's Motion to Dismiss, Sever, Bifurcate and Stay Contractual from Extracontractual Claims ("Motion"). *Doc. 19.* The parties completed briefing of this matter on March 2, 2011, and the Court held a hearing on the Motion on March 28, 2011. *See docs. 23, 24, 25, 29.*

The Complaint in this case raises four claims arising out of Allstate's alleged failure to satisfy its contractual and legal obligations toward the Plaintiff who was insured by Allstate. The claims are as follows: (1) Bad Faith; (2) Unfair Claims Practice; (3) Unfair Trade Practices Act; and (4) Breach of Contract. *Doc. 1,* Ex. 1. For the purposes of the Motion and this Order, the first three claims are considered the extracontractual claims and the last claim is the contractual claim.

In the Motion, Defendant first seeks dismissal of the extracontractual claims until the contractual claim has been resolved. Defendants essentially argue that the relief on the extracontractual claims is entirely dependent upon Plaintiff prevailing on the contractual claim. Therefore, it argues that the extracontractual claims should be dismissed pending resolution in favor of Plaintiff of the contractual claim. As discussed at the hearing on the Motion, the Court is persuaded that there are facts which could permit recovery on the extracontractual claims even without Plaintiff prevailing on the contractual claim. As such, dismissal of the extracontractual claims would not be appropriate. Thus, Defendant's request for dismissal will be denied.

Relatedly, Defendant seeks a stay of all discovery on the extracontractual claims until Plaintiff can prevail on the contractual claim. Because the Court is not persuaded that Plaintiff's failure on the contractual claim would be dispositive on the extracontractual claims, a stay is not warranted. Consequently, Defendant's request for a stay is denied.

Finally, Defendant requests bifurcation or severance of the contractual claims from each other given the prejudice to Defendant and the confusion of the jury which would be caused by trying the claims together. As discussed at the hearing, the Court is persuaded that the evidence which would be relevant to the contractual claim regarding failure to pay (liability and damages of the motor vehicle accident) would be significantly different in type and scope from the evidence relevant to the remaining claims (Allstate's claims processing and evaluation). More importantly, significant portions of evidence which

would be admissible with respect to claims processing would be inadmissible as invading the province of the jury with respect to the liability and damages arising from the motor vehicle accident. Consequently, the Court concludes that the presentation of evidence for these two types of claims should be divided in some fashion.

The Court has considered two options: (1) bifurcating the trial such that a single jury would first hear and decide the failure to pay contractual claim, and then hear and decide the remaining claims; or (2) severing the trial such that one jury would first hear and decide the failure to pay contractual claim and then a second jury would hear and decide the remaining claims. While both options have advantages and disadvantages, the Court will select the first option and only bifurcate the presentation of evidence. The particulars of the bifurcation will be decided closer to the trial date after discovery has been completed. As counsel were informed at the hearing, notwithstanding this bifurcation ruling, discovery on all claims will continue unabated and together.

IT IS SO ORDERED.

_____
HON. GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent